LUBIN & ENOCH, P.C.
Stanley Lubin
State Bar No. 003076
Jarrett Haskovec
State Bar No. 023926
Kaitlyn A. Redfield-Ortiz
State Bar No. 030318
349 North Fourth Avenue
Phoenix, Arizona 85003-1505
Telephone: (602) 234-0008
Facsimile: (602) 626-3586
Email: stan@lubinandenoch.com

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| **VERONICA HERNANDEZ, MARISSA HODGE, AND KELLI LORENC** on behalf of THEMSELVES and All Others Similarly Situated, *Plaintiffs,* v. **AMAZON.COM, INC., AMAZON.COM. AZDC, LLC, and INTEGRITY STAFFING SOLUTIONS, INC.** *Defendants.* | Case No.: **COLLECTIVE ACTION COMPLAINT** |

**COLLECTIVE ACTION COMPLAINT**

**INTRODUCTION**

1. Plaintiffs, Veronica Hernandez, Marisa Hodge, and Kelli Lorenc ("Plaintiffs"), bring this collective action lawsuit under federal law against Defendants, Amazon.com, Inc., Amazon.com.AZDC, LLC, and Integrity Staffing Solutions, Inc.

COLLECTIVE ACTION COMPLAINT - 1

(collectively, "Defendants"), seeking all available relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*

2. Plaintiffs recently worked as overtime-eligible, hourly-paid employees of the Defendants at the Amazon logistics/Fulfillment Center located on West Buckeye Road in Phoenix, Arizona (the "Phoenix Facility").

3. Defendants have always required Plaintiffs, along with all similarly situated employees, to proceed through a lengthy anti-theft security screening operation after the end of their compensable work shifts and at the start of their 30-minute, unpaid meal periods.

4. Defendants have never compensated Plaintiffs, or any similarly situated overtime-eligible employees, for the time it takes them to proceed through these mandatory security screening operations.

5. These mandatory security screening operations entail waiting in line, walking through a metal detector, periodically being inspected with metal detecting wands, and having bags and personal items searched by security guards.

6. These mandatory security screening operations are designed solely to benefit Defendants by preventing employees from stealing the merchandise they handle as part of their employment within the Phoenix Facility.

7. Proceeding through Defendants' security screening operations is a required job activity for Defendants' employees at the Phoenix Facility.

8. Through this collective action lawsuit, Plaintiffs seek to obtain relief related to all of this uncompensated work, including, *inter alia,* unpaid wages, unpaid overtime wages, liquidated damages, costs, and attorneys' fees.

## JURISDICTION AND VENUE

9. This Court has jurisdiction over Plaintiffs' claims because they are brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), and because they raise a federal question pursuant to 28 U.S.C. § 1331.

10. Venue is proper in this federal judicial district pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to these claims occurred within this judicial district.

## PARTIES

**I. Plaintiffs**

11. Plaintiff Veronica Hernandez is over the age of nineteen (19) and is a resident of the State of Arizona. Hernandez worked as a "Picker" at the Phoenix Facility from November 2012 through December 2012. Hernandez consents to be a party to this collective action pursuant to 29 U.S.C. § 216(b).

12. Plaintiff Marisa Hodge is over the age of nineteen (19) and is a resident of the State of Arizona. Hodge worked as a "Stower," "Packer," and "Receiver" at the Phoenix Facility from November 2012 through December 2012. Hodge consents to be a party to this collective action pursuant to 29 U.S.C. § 216(b).

13. Plaintiff Kelli Lorenc is over the age of nineteen (19) and is a resident of the State of Arizona. Ms. Lorenc worked as a "Picker" at the Phoenix Facility from October 2012 through December 2012. Lorenc consents to be a party to this collective action pursuant to 29 U.S.C. § 216(b).

**II. Defendants**

**A. Defendant Amazon.com, Inc.**

14. Defendant Amazon.com, Inc. ("Amazon.com") is a Delaware corporation with a principal office located at 410 Terry Avenue North, Seattle, Washington 98109-5210, which is located in King County, Washington. Amazon.com, jointly with the other Defendants, maintains and operates an operations center at West Buckeye Road in Phoenix, Arizona.

15. Amazon.com resides in this judicial district.

16. Amazon.com regularly conducts business in this district.

17. At all relevant times, Amazon.com has been regularly engaged in interstate commerce.

18. At all relevant times, Amazon.com has been an enterprise within the meaning of § 3(r) and § 3(s)(1) of the FLSA, 29 U.S.C. §§ 203(r) and (s).

19. At all relevant times, Amazon.com has been an employer within the meaning of the FLSA, 29 U.S.C. §§ 203, 206-07, of employees working at the Phoenix Facility.

**B. Defendant Amazon.com.AZDC, LLC**

COLLECTIVE ACTION COMPLAINT - 4

20. Defendant Amazon.com.AZDC, LLC ("Amazon-AZDC, LLC") is a Delaware corporation with a principal office located at 410 Terry Avenue North, Seattle, Washington 98109-5210, which is located in King County, Washington.  Amazon-AZDC, LLC, jointly with the other Defendants, maintains and operates an operations center at West Buckeye Road in Phoenix, Arizona.

21. Amazon-AZDC, LLC resides in this judicial district.

22. Amazon-AZDC, LLC regularly conducts business in this judicial district.

23. At all relevant times, Amazon-AZDC, LLC has been regularly engaged in interstate commerce.

24. At all relevant times, Amazon-AZDC, LLC has been an enterprise within the meaning of § 3(r) and § 3(s)(1) of the FLSA, 29 U.S.C. §§ 203(r) and (s).

25. At all relevant times, Amazon-AZDC, LLC has been an employer within the meaning of the FLSA, 29 U.S.C. §§ 203, 206–07, of employees working at the Phoenix Facility.

**C. Defendant Integrity Staffing Solutions, Inc.**

26. Defendant Integrity Staffing Solutions, Inc. ("Integrity") is a Delaware corporation with a principal office located at 4612 Cheval Boulevard, Lutz, Florida, which is located in Hillsborough County, Florida.  Integrity, jointly with the other Defendants, maintains and operates an operations center at West Buckeye Road in Phoenix, Arizona.

27. At all relevant times, Integrity has been regularly engaged in interstate commerce.

28. At all relevant times, Integrity has been an enterprise within the meaning of § 3(r) and § 3(s)(1) of the FLSA, 29 U.S.C. §§ 203(r) and (s).

29. At all relevant times, Integrity has been an employer within the meaning of the FLSA, 29 U.S.C. §§ 203, 206-07, of employees working at the Phoenix Facility.

## THE RELEVANT TIME PERIOD

30. The Fair Labor Standards Act ("FLSA") permits plaintiffs to recover unpaid wages and liquidated damages for up to three years prior to the filing of a lawsuit. 29 U.S.C. § 255.

31. This lawsuit was filed on October 28, 2013. Accordingly, the FLSA allegations set forth herein concern the employment of Plaintiffs and those they seek to represent since October 28, 2010 through the resolution of this litigation.

## FACTS

32. Defendants jointly operate the Phoenix Facility, which is an approximately one million square foot logistics facility/fulfillment center.

33. Defendants jointly employ individuals at the Phoenix Facility who are paid on an hourly basis and perform tasks related to the merchandise delivered, stored, and shipped from the Phoenix Facility. These individuals handle Phoenix Facility merchandise throughout the day. Their job tasks include, *inter alia*, receiving deliveries of merchandise; transporting merchandise to its appropriate location within the Phoenix

Facility; "picking" purchased merchandise from its storage location; and processing merchandise for shipping. These individuals, including Plaintiffs, are referred to herein as "Warehouse Workers."

34. Defendants have employed hundreds of Warehouse Workers at the Phoenix Facility during the relevant statutory period, including Plaintiffs.

35. Plaintiffs and other Warehouse Workers are jointly employed by Defendants, are under Defendants' common control, and perform work that simultaneously benefits Defendants.

36. Plaintiffs and other Warehouse Workers at the Phoenix Facility are classified by Defendants as non-exempt from the FLSA's wage and overtime mandates.

37. Plaintiffs and other Warehouse Workers regularly work at least 40 hours per workweek.

38. As described below, during the three-year time period relevant to this lawsuit, Defendants have not paid Plaintiffs and other Warehouse Workers for all of their compensable time.

39. *After* Plaintiffs and other Warehouse Workers clock-out from their shifts and stop getting paid, Defendants require them to complete a mandatory security screening process within the Phoenix Facility.

40. At the commencement of this mandatory, post-shift screening process, Plaintiffs and other Warehouse Workers must wait in lines leading up to a security screening area located within the Phoenix Facility.

41. Once inside the security screening area, Plaintiffs and other Warehouse Workers must proceed through a metal detector at the Phoenix Facility.

42. Once inside the security screening area, security guards inspect all bags and personal items carried by Plaintiffs and other Warehouse Workers.

43. If the metal detector's alarm sounds, security guards individually search Plaintiffs and other Warehouse Workers using a metal detecting wand.

44. Defendants do not allow Plaintiffs and other Warehouse Workers to leave the Phoenix Facility until they have successfully completed the entire screening process.

45. Due to the large number of Warehouse Workers leaving the Phoenix Facility at the end of shifts, completion of Defendants' mandatory, post-shift screening process generally takes approximately 15 minutes or more.

46. Defendants do not require Plaintiffs and other Warehouse Workers to complete a screening process when entering the Phoenix Facility prior to the beginning of their scheduled shift.

47. Defendants have implemented the mandatory, post-shift screening process to prevent and reduce the theft of merchandise from the Phoenix Facility.

48. Defendants' mandatory, post-shift screening process is solely for the benefit of Defendants and does not benefit or

COLLECTIVE ACTION COMPLAINT - 8

convenience Plaintiffs and other Warehouse Workers at the Phoenix Facility.

49. Completing Defendants' mandatory, post-shift screening process is necessary for Plaintiffs and other Warehouse Workers to perform their principal activities of handing merchandise within the Phoenix Facility, described above. Indeed, any Warehouse Worker who refuses to participate in the screening process is not permitted to handle merchandise and is subject to termination.

50. As such, the completion of Defendants' mandatory, post-shift screening process is integral and indispensable to the principal job activities of Plaintiffs and other Warehouse Workers at the Phoenix Facility.

51. Defendants have never paid Plaintiffs and other Warehouse Workers for time spent proceeding through the mandatory, post-shift screening process.

52. Because, under the FLSA, the compensable workday extends until the completion of the mandatory, post-shift screening process, Warehouse Workers have not been paid (including overtime premium pay) for all of their compensable work hours.

53. In addition, Defendants automatically deduct 30 minutes from Plaintiffs' and other Warehouse Workers' compensable time each shift for a purported meal break.

54. Defendants require Plaintiffs and other Warehouse Workers to remain at their work locations until the start of their 30-minute, unpaid meal periods.

55. After the start of the 30-minute, unpaid meal periods, Plaintiffs and other Warehouse Workers must walk to the Phoenix Facility's time clocks to clock-out, which can take several minutes.

56. Then, to exit the Phoenix Facility, Plaintiffs and other Warehouse Workers must complete the same mandatory screening process described above.

57. Defendants' mandatory screening process during the unpaid 30-minute break generally takes between approximately 5 to 10 minutes to complete.

58. Similar to the end of each shift, Defendants have implemented the mandatory screening process during the unpaid 30-minute break to prevent and/or reduce employee theft.

59. Defendants' mandatory screening process during the unpaid 30-minute break is solely for the benefit of Defendants and does not benefit or convenience Plaintiffs or other Warehouse Workers.

60. Based on the above, Plaintiffs and other Warehouse Workers are not completely relieved from duty for purposes of eating regular meals during the entire 30-minute unpaid break. Plaintiffs and other Warehouse Workers are entitled to be paid for all time during which they are not completely relieved from

duty for purposes of eating regular meals. *See* 29 C.F.R. § 785.19.

61. By failing to pay Plaintiffs and other Warehouse Workers for all compensable time after the end of the paid shift and during unpaid meal breaks, Defendants have acted willfully and with reckless disregard of clearly applicable FLSA provisions.

62. The unpaid compensable time described above is not *de minimis* because: (i) it is not administratively difficult to record such time; (ii) the aggregate amount of time spent in the screening process is significant; and (iii) the screening process is mandatory.

## COLLECTIVE ACTION ALLEGATIONS

63. Plaintiffs assert their claims pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the following potential opt-in litigants:

> All hourly-paid employees of Defendants who have worked at the Amazon Fulfillment Center in Phoenix, Arizona, on West Buckeye Road, since October 28, 2010 and who have been required to proceed through Defendants' anti-theft security screening operation without pay after their paid shifts and/or during their unpaid meal periods (the "Class").

64. Plaintiffs are representatives of a class of Defendants' employees who were not paid for all hours worked as described herein. Plaintiffs have actual knowledge that

numerous hourly-paid employees of Defendants were not paid by Defendants for all hours worked as described herein.

65. Plaintiffs and other members of the proposed collective action are similarly situated, as that term is defined under 29 U.S.C. § 216(b) because, *inter alia*, they all were subjected to Defendants' common company practice of not paying overtime-eligible, hourly-paid warehouse employees at the Phoenix Facility all hours worked.

66. Collective action treatment of Plaintiffs' FLSA claim is appropriate because Plaintiffs and the Class have been subjected to the common business practices of the Defendants, and the success of their claims depends on the resolution of common issues of law and fact, including, *inter alia*, (a) whether Defendants' common payroll and timekeeping practices fail to compensate class members for the time they spend proceeding through Defendants' mandatory anti-theft security screening operation, and (b) whether time spent proceeding through this security screening operation, both at the start of each meal period and after each shift, is compensable under the law.

67. Plaintiffs and the above collective are "similarly situated," as that term is defined in 29 U.S.C. § 216(b), because, *inter alia*, the Class was subjected to and paid pursuant to Defendants' common business practice of failing to compensate Warehouse Workers for time spent completing the mandatory screening process described above.

## COUNT I

### (Alleging Violations of the FLSA)

68. All previous paragraphs are incorporated as though fully set forth herein.

69. The FLSA requires that covered employees receive overtime compensation "not less than one and one-half times" the employee's regular rate of pay for all hours worked over 40 in a workweek. *See* 29 U.S.C. § 207(a)(1).

70. Plaintiffs and the Class are covered employees entitled to the FLSA's protections.

71. Defendants are covered employers required to comply with the FLSA's mandates.

72. Defendants have violated the FLSA with respect to the Plaintiffs and the Class by, *inter alia*, failing to pay them any compensation (including overtime premium compensation) for the time spent (i) between the end of their paid shift and the end of the post-shift screening process and (ii) between the commencement of the unpaid meal break and the end of the intra-meal break screening process.

73. In violating the FLSA, Defendants have acted willfully and with reckless disregard of clearly applicable FLSA provisions.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for the following relief on behalf of themselves and all others similarly situated:

A. An order permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

B. Prompt notice, pursuant to 29 U.S.C. § 216(b), of this litigation to all potential members of the collective action;

C. A judgment against Defendants and in favor of Plaintiffs and others similarly situated for compensation for all hours worked at a rate not less than the applicable minimum wage as well as the amount of unpaid and underpaid overtime that Defendants have failed and refused to pay in violation of the FLSA, as charged herein;

D. A finding that Defendants' practices at issue have violated the FLSA;

E. A finding that Defendants' violations of the FLSA are and/or were willful;

F. Liquidated damages and pre-judgment interest to the fullest extent permitted under the FLSA;

G. Post-judgment interest until the judgment is paid in full;

H. Litigation costs, expenses, and Plaintiffs' attorney's fees to the fullest extent permitted under the FLSA; and,

I. Such other and further relief as this Court deems just and proper.

///

///

RESPECTFULLY SUBMITTED this 28th day of October, 2013.

/s/ Stanley Lubin

**STANLEY LUBIN**
LUBIN & ENOCH P.C.
349 North 4th Avenue
Phoenix, Arizona 85003
Telephone: 602-234-0008
Facsimile: 602-626-3586
stan@lubinandenoch.com

**JERRY E. MARTIN***
**DAVID W. GARRISON***
**SCOTT P. TIFT***
**SETH M. HYATT***
BARRETT JOHNSTON, LLC
217 Second Avenue North
Nashville, TN 37201
jmartin@barrettjohnston.com
dgarrison@barrettjohnston.com
stift@barrettjohnston.com
shyatt@barrettjohnston.com
Telephone: (615) 244-2202
Facsimile: (615) 252-3798

**PETER WINEBRAKE***
**R. ANDREW SANTILLO***
WINEBRAKE & SANTILLO, LLC
715 Twining Road, Suite 211
Dresher, PA 19025
Phone:  (215) 884-2491
Facsimile: (215) 884-2492
pwinebrake@winebrakelaw.com
asantillo@winebrakelaw.com

**J. CHRIS SANDERS***
Attorney At Law
7982 New LaGrange Road, Suite 5
Louisville, KY 40220
(502) 558-6337
jchrissanders@yahoo.com

///

**DAVID O'BRIEN SUETHOLZ\***
KIRCHER, SUETHOLZ AND GRAYSON, PSC
515 Park Avenue
Louisville, KY 40208
Telephone: (502) 636-4333
Facsimile: (502) 636-4342
dave@unionsidelawyers.com

*Pro Hac Vice* Motion Anticipated

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

    I hereby certify that on the 28th day of October, 2013, I electronically transmitted the attached Complaint to the U.S. District Court Clerk's office using the CM/ECF System for filing.

s/Cristina Sanidad